IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

EDDIE CLELAND                                                PLAINTIFF

VERSUS                                                     CIVIL ACTION NO: 2012-170

ACADEMY SPORTS AND
OUTDOORS; and
LOUIS TENNEY, individually                                DEFENDANT

## COMPLAINT

Now Comes Plaintiff, Eddie Cleland (hereinafter "Cleland"), and for his claims against Defendants brings this action to recover actual and punitive damages for discharge in violation of public policy, for malicious interference with employment, for infliction of emotional distress, and for defamation and in support of this action states:

### PARTIES

1. Plaintiff, Eddie Cleland, is an adult resident citizen of Lamar County Mississippi who may be contacted through undersigned attorney.

2. Defendant, ACADEMY SPORTS AND OUTDOORS (hereinafter "Academy"), is a Texas Corporation registered and doing business in Mississippi, who may be served with process through C.T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

3. Defendant, LOUIS TENNEY (hereinafter "Tenney"), is an adult resident citizen of Lamar County, who may be served with process at 45 Ashborough Lane, Hattiesburg, Mississippi 39402.

### JURISDICTION AND VENUE

FILED
LAMAR DEC 12 2012 CIRCUIT
COUNTY                    CLERK
Leslie Wilson

EXHIBIT 4

5. This Court has Jurisdiction over Defendant Academy pursuant to Miss. Code. Ann. § 13-3-57 and through its Registration with the Mississippi Secretary of State as doing business generally within this State.

## FACTUAL BACKGROUND

6. Cleland was employed by Academy beginning in September of 2010 with a salary of approximately $42,000 a year plus bonuses.

7. In November of 2011, Cleland began working at Academy Store 108 in Hattiesburg, Mississippi (hereinafter the "Hattiesburg Academy") as a manager.

8. Tenney has served as the Store Director in the Hattiesburg Academy since its grand opening. Tenney is a staunch and outspoken liberal who is politically associated closely with the Democratic party.

9. During Cleland's employment at the Hattiesburg Academy, Tenney learned of Cleland's conservative political beliefs and Cleland's individual preference for certain Republican candidates in the 2012 elections.

10. Over the course of Cleland's employment at the Hattiesburg Academy, Tenney made it very clear to Cleland that he strongly disagreed with Cleland's political beliefs and strongly disapproved of them. As a result, Tenney created and fostered a hostile work environment for Cleland.

11. Tenney often polled Hattiesburg Academy employees as to who they were voting for in the upcoming election. If employees refused to participate or expressed preference for Republican candidates, Tenney would refer to them in a degrading manner as "conservatives" and harass them for their political views.

FILED
LAMAR COUNTY   DEC 12 2012   CIRCUIT CLERK
Leslie Wilson

12. Tenney has informed Cleland and other Hattiesburg Acaemy employees that if they would change their conservative political beliefs and instead support democratic party candidates, the employee's rise "up the ladder" at Academy would be quicker and easier. Cleland rejected such improper and illegal intimidation.

13. Tenney held Cleland to an improper standard which differed from any standard applied to any of the other managers on staff at the Hattiesburg Academy. As a result of Cleland's political beliefs, Cleland was given tasks and responsibilities that were outside of Academy's officially articulated expectations. Despite these higher standards, Cleland complied.

14. Tenney also asked Cleland to forge information on ATF Form 4473, which is the form required in order to purchase a firearm at Academy. Cleland refused.

15. Cleland further explained and complained to Tenney that Tenney:

   a. Improperly retained said completed 4473 forms in an unsecure location at the front of the store rather than in a secure location behind the Fire Arms counter;

   b. Turned a blind eye and deaf ear to Hattiesburg Academy associates being permitted to "cheat" in order to become certified to sale firearms. Said "cheating" involved receiving assistance while taking the certification test. Cleland protested and complained about said practices; and

   c. Allowed employees to take training test known as LMS modules for other Hattiesburg Academy employees in order to avoid paying employees for the time necessary to take the test themselves.

16. Cleland made numerous verbal complaints to Tenney about his discriminatory, unethical, and illegal actions and also made complaints to Academy's District Manager, D___

FILED
LAMAR COUNTY   DEC 12 2012   CIRCUIT CLERK
Leslie Wilson

Fletcher. Fletcher made no attempt to correct the discrimination, criminal actions, unethical conduct, or hostile work environment.

17. As a result of Fletchers intentional failure to address and correct the misconduct of Tenney complained of by Cleland, and highly upset by the discrimination, criminal law violations and unethical conduct of Tenney, Cleland formally reported the acts to Academy's Human Resources by means of an email dated August 18, 2012.

18. The August 18, 2012 formal complaint clearly outlined:

    a. criminal and unethical acts which Tenney was demanding Cleland and others to perform;

    b. the numerous Academy policies which Tenney had repeatedly violated.

    c. Tenney's illegal and improper discriminatory treatment of Cleland and other Hattiesburg Academy employees who held conservative/Republican beliefs which created a hostile work environment.

19. Following the August 18, 2012 formal complaint, Cleland was informed that his performance was deficient and given a plan for improvement, an action plan. Cleland was not given time nor the opportunity to implement the wholly pre-textual "action plan." Instead, Cleland was told that it didn't matter what Cleland did, the decision to terminate Cleland had already been made.

20. As a result of Cleland's Complaints and refusal to engage in unethical and criminal conduct, Cleland was fired on November 6, 2012, Election Day.

21. Cleland's discharge was caused in substantial part by the following:

    a. Celeland's refusal to participate in criminal and unethical activity;

    b. Cleland's reporting of illegal and unethical activity to Academy superiors; and

FILED
LAMAR COUNTY DEC 12 2012 CIRCUIT CLERK
Eric Wilson

    c. Cleland's political beliefs as a conservative Republican.

## COUNT I – DEFAMATION

22. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

23. Defendant's actions have, in addition to all other claims, intentionally defamed Cleland, in that all pre-textual reasons put forward by Defendants for terminating Cleland are knowingly and intentionally false. Plaintiff previously had a clean employment history, and had never been fired nor terminated. Cleland's record and reputation have now been permanently defamed and harmed by Defendant's intentional acts.

## COUNT II – MALICIOUS INTERFERENCE WITH EMPLOYMENT

24. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

25. Individual Tenney is liable for the tort of malicious interference with employment, by causing Academy, in bad faith, to terminate Plaintiff's employment.

## COUNT III – INFLICTION OF EMOTIONAL DISTRESS

26. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

27. Both Defendants are liable to Cleland for the torts of intentional and negligent infliction of mental and emotional distress.

28. Defendants created and fostered a hostile work environment for Cleland which caused substantial stress, mental anxiety, and emotional distress.



FILED
LAMAR COUNTY  DEC 12 2012  CIRCUIT CLERK
Leslie Wilson

29. Tenney, acting within the course and scope of his employment for Academy, intentionally and negligently inflicted emotional distress upon Cleland by operating his business in a fashion which violated the criminal laws of the United States.

30. Tenney, acting within the course and scope of his employment for Academy, intentionally inflicted emotional distress upon Cleland by creating and fostering a hostile work environment for Cleland because Cleland held politically conservative Republican political beliefs.

### COUNT IV – DISCHARGE IN VIOLATION OF PUBLIC POLICY

31. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

32. Defendant Academy is liable to Cleland for discharge in violation of public policy for terminating Cleland because:
    a. Cleland reported illegal and unethical conduct; and
    b. Cleland is a Republican.

### COUNT V- BREACH OF CONTRACT/ GOOD FAITH AND FAIR DEALING

33. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

34. Academy was required to follow certain policies and procedures in handling the matters complained of by Cleland and in terminating Cleland's employment.

35. Under Academy's contract with Cleland, Academy has breeched its duty of good faith and fair dealing and have further caused emotional distress pursuant to *University of Southern Mississippi v. Williams*, 891 So.2d 160 (Miss. 2004).

**DAMAGES**
FILED
LAMAR COUNTY DEC 12 2012 CIRCUIT CLERK
Leslie Wilson

36. Cleland incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

37. As a direct and proximate result of Defendant's misconduct Cleland has suffered:

    a. Past and future lost income and benefits;

    b. Past and future emotional distress;

    c. Past and future mental anxiety and stress;

    d. Past and future damage to reputation; and

    e. Attorney's cost and fees.

### REQUEST FOR RELIEF

38. Plaintiff request actual, special, compensatory and punitive damages in an amount to be determined by a jury and for reasonable attorney's fees.

Respectfully submitted, this the 10 day of December, 2012,

EDDIE CLELAND
Plaintiff,

Daniel M. Waide, MSB # 103543
Attorney for Plaintiff

Daniel M Waide, MS Bar #103543
Samuel S. McHard, MS Bar #100295
McHard & Associates, PLLC
15 Milbranch Road
Hattiesburg, MS 39402
T: (601) 450-1715
F: (601) 450-1719
dwaide@mchardlaw.com

FILED
LAMAR COUNTY   DEC 12 2012   CIRCUIT CLERK
Leslie Wilson