IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EDDIE CLELAND                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 2:13cv9-KS-MTP

ACADEMY SPORTS AND OUTDOORS                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Eddie Cleland's Motion for Relief from Judgment, which was docketed as a "Motion for Reconsideration" [25]. Having considered the submissions of the parties, the record and the applicable law, the Court finds that the motion is not well taken and should be denied.

## I. BACKGROUND

On August 26, 2013, the Court entered its Memorandum Opinion and Order [23], ruling on the Motion to Dismiss [6] of the Defendant Academy Sports and Outdoors ("Academy") and the Motion for Leave to File Second Amended Complaint ("Motion for Leave") [17] of the Plaintiff Eddie Cleland. Academy sought the dismissal of all of the claims asserted against it in the Amended Complaint [6-1] pursuant to Federal Rule of Civil Procedure 12(b)(6). Cleland sought leave to file a Second Amended Complaint [17-1] "to add factual support for the pretextual reprimands made by [Louis] Tenney to cause Academy to terminate Cleland." (Pl.'s Mot. for Leave [17] at ¶ 3.) Louis Tenney was Cleland's immediate supervisor prior to the termination of his employment. Tenney was dismissed from this action without prejudice on May 9, 2013. (*See* Op. & Order Denying Mot. to Remand [16].) The Court granted Academy's Motion to Dismiss [6] and denied Cleland's Motion for Leave [17]. Further, final judgment was entered given the

dismissal of Cleland's claims.  (S*ee* Final Judgment [24].)  Cleland now contends that the Court erred in certain respects, and requests that the "Court reconsider its Order . . . ."  (Pl.'s Mot. for Recon. [25] at p. 10.)[1]

## II.  DISCUSSION

### A.     Standard of Review

Plaintiff's Motion for Reconsideration [25] was filed ten (10) days after the entry of judgment and requests that the Court reconsider its prior ruling.  Thus, regardless of the motion's title, it will be construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (providing that Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed within twenty-eight days of judgment), *cert. denied*, 2013 WL 868621 (Oct. 7, 2013); *Marlow LLC v. BellSouth Telecomms., Inc.*, No. 2:10cv135, 2013 WL 1313093, at *1 (S.D. Miss. Mar. 26, 2013) (Although the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, "this Court and others consider such motions under Federal Rule of Civil Procedure 59(e) . . . when they are filed within the time period specified under this Rule.") (citations omitted).

The Court only recognizes three grounds for reconsideration under Rule 59(e): "'(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a

---

[1] Further background information regarding the history of this dispute can be found in the Court's prior rulings.  (*See* Op. & Order Denying Mot. to Remand [16]; Mem. Op. & Order [23].)

manifest injustice.'" *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)); *see also Demahy*, 702 F.3d at 182. Cleland's motion is limited to the third ground of the above-quoted standard. With respect to this ground, a litigant should carefully consider "whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins*, 130 F.R.D. at 626.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In addition, a Rule 59(e) motion should not be used to rehash evidence or to raise arguments or legal theories that could have been presented prior to the entry of judgment. *See id.* at 478-79. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Pham*, 193 F.R.D. at 494.

**B.    Analysis**

Cleland contends that the Court's judgment is in error because: (a) Cleland should be allowed to amend his Complaint to join Louis Tenney for maliciously interfering with Cleland's employment relationship with Academy; (b) Tenney's request for Cleland to commit forgery was illegal, and thus, the public policy exception to the employment-at-will doctrine stated in *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993) applies;[2] and (c) the Court should declare a public policy exception to

---

[2] In *McArn*, the Mississippi Supreme Court recognized "a narrow public policy exception to the" doctrine of employment-at-will in two circumstances: "(1) an employee

the employment-at-will doctrine based on interference with political rights by predicting the Mississippi Supreme Court's ruling on the issue pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Each of these contentions will be addressed through the prism of Rule 59(e).

> **1. Whether the Court Clearly Erred in Refusing to Allow Cleland to File an Amended Complaint Joining Tenney to the Litigation**

The Court refused to allow Cleland to amend his Complaint to join Tenney for two reasons. First, Cleland failed to identify and brief the appropriate standard for leave to amend since he and Tenney are both citizens of Mississippi. The Court explained:

> Bringing Tenney back into the lawsuit would thus result in incomplete diversity of citizenship between the parties and deprive the Court of jurisdiction under 28 U.S.C. § 1332. Title 28 U.S.C. § 1447(e), as opposed to Rule 15, governs a district court's consideration of a request for joinder of a non-diverse defendant. *See White v. City Fin. Co.*, 277 F. Supp. 2d 646, 650 n.7 (S.D. Miss. 2003). "The district court must scrutinize an amendment [to a pleading] that would add a non-diverse party more closely than an ordinary amendment." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (citation and internal quotation marks omitted).

(Mem. Op. & Order [23] at p. 20.) Cleland's Motion for Leave [17] addressed none of the factors identified by the Fifth Circuit to guide a district court's scrutiny of an amendment that would join a non-diverse party. *See Priester*, 708 F.3d at 679. Second, the unique procedural circumstance of Cleland attempting to add Tenney, who had been previously dismissed without prejudice, to a suit where he could not state a

---

who refuses to participate in an illegal act . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." 626 So. 2d at 607.

claim against Academy made denial of the request for leave to amend appropriate. The Court explained:

> If the Court were to grant the Motion for Leave [17], it would have to remand Cleland's suit against Tenney due to an absence of subject matter jurisdiction. *See* 28 U.S.C. § 1447(e). If the Court were to deny the motion, the prior dismissal of Tenney without prejudice would remain in place and Cleland could obtain the effective result of a remand by refiling his claims against Tenney in state court. The Court finds the denial of Tenney's request for leave to amend without further delay to be the soundest and most expeditious method of resolving this issue under this unique set of circumstances.

(Mem. Op. & Order [23] at pp. 20-21.)[3]

Cleland's Motion for Reconsideration [25] considers neither of the preceding bases outside of the following conclusory and unsupported statement: "The fact that the addition of Tenney would destroy diversity and remand this matter to State Court should not be weighed against Cleland." (Pl.'s Mot. for Recon. [25] at p. 3.) Instead, Cleland largely argues the purported merits of his malicious interference claim against Tenney. Since Cleland has failed to address and show any error in the Court's actual reasons for the denial of his request to add Tenney to the action, the Court finds no "clear error of law" or "manifest injustice" warranting relief from judgment. *Pham*, 193 F.R.D. at 494.

---

[3] Cleland's request for leave to amend his Complaint as to Academy was denied on the basis of futility. Cleland's proposed Second Amended Complaint [17-1] contained no new causes of action, and its additional fact allegations were aimed at Cleland's malicious interference claim against Tenney. Thus, the Court's findings in favor of Academy's request for dismissal of the Amended Complaint [6-1] applied equally to Cleland's proposed second amended pleading.

### 2. Whether the Court Clearly Erred in Finding that the Amended Complaint Failed to State a Claim for Wrongful Discharge Under *McArn v. Allied Bruce-Terminix Co.*

As an initial matter, the Court addresses Cleland's assertion that the Court held Tenney did nothing illegal. Cleland misreads the Court's Memorandum Opinion and Order [23]. As opposed to issuing any ultimate ruling regarding the criminality *vel non* of any and all of Tenney's purported actions, the Court held that "the allegations of the Amended Complaint fall short of evincing any criminal 'forgery' under Mississippi law." (Mem. Op. & Order [23] at p. 11.) The Court focused on the crime of "forgery" under Mississippi statutory and case law because Cleland cited to certain Mississippi penal statutes and identified "forgery" as the criminal act underlying his *McArn* claim in opposition to Academy's request for dismissal. As discussed below, Cleland should have specifically alleged the commission of other crimes prior to the entry of judgment if he expected the Court to consider them in its *McArn* analysis. Further, the Court's Memorandum Opinion and Order [23] does not preclude any appropriate law enforcement or prosecuting authority from considering Cleland's old and new allegations of criminal wrongdoing.

Cleland also argues that Tenney intended to deceive various government agencies in asking him to forge customer information on ATF Form 4473, and that Tenney put customers at risk of perjury by altering their information on the Form. It is further alleged that even if Tenney did not violate Mississippi's forgery statutes, his actions were illegal under 18 U.S.C. § 922(m)[4] and section 97-9-63 of the Mississippi

---

[4] "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make

Code.[5]  The problem for Cleland is that he waited until after the entry of judgment to make these arguments.

Neither the Amended Complaint [6-1], Cleland's Response to Defendant's Motion to Dismiss [20], nor Cleland's proposed Second Amended Complaint [17-1] referenced the preceding statutes.  As noted by the U.S. District Court for the Northern District of Mississippi in considering a *McArn* claim, the criminality of the conduct must be demonstrated via "'substantial evidence or citation to binding statutory and/or case law.'"  *Vaughn v. Carlock Nissan of Tupelo, Inc.*, No. 1:09cv293, 2011 WL 3651271, at *4 (N.D. Miss. Aug. 18, 2011) (quoting *Kyle v. Circus Circus Miss., Inc.*, 430 Fed. Appx. 247, 252 (5th Cir. 2011)).  Tenney's intent in purportedly asking Cleland to forge information on ATF Form 4473 is also not mentioned in the Amended Complaint [6-1] or proposed Second Amended Complaint [17-1].  Although Cleland's opposition to dismissal shed some light on Tenney's motivation, the Court previously found that light to further Academy's request for dismissal.  "It is implausible that Tenney intended to injure anyone by trickery or deceit in requesting that Cleland correct customer errors on ATF Forms."  (Mem. Op. & Order [23] at p. 11.)  Accepting Cleland's new arguments

---

appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder."  18 U.S.C. § 922(m).

[5] "Every person who shall unlawfully or corruptly procure any witness, by any means whatever, to commit wilful and corrupt perjury in any case, matter, or proceedings, in or concerning which such witness shall be legally sworn and examined, shall be guilty of subornation of perjury, and shall not thereafter be received as a witness to be sworn in any matter or cause whatever, until the judgment against him be reversed, and shall be punished by imprisonment in the penitentiary not exceeding ten years."  Miss. Code Ann. § 97-9-63.

regarding Tenney's intent and the above-listed statutes would be essentially giving him a fourth "bite at the apple", representing his *McArn* claim. *Bell v. Texaco, Inc.*, No. 5:09cv192, 2010 WL 1490144, at *3 (S.D. Miss. Apr. 13, 2010). Such a result is not countenanced under Rule 59(e). *See id*; *see also Templet*, 367 F.3d at 478-79 (providing that Rule 59(e) is an improper "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

Cleland's request for leave to file an amended complaint including criminal law violations under § 922(m) and section 97-9-63 is rejected on similar grounds. The Fifth Circuit has "'consistently upheld the denial of leave to amend [following the entry of judgment] where the party seeking to amend [his complaint] has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000)); *see also Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009). No showing has been made as to why it would have been unreasonable for Cleland to raise Tenney's alleged violations of § 922(m) and section 97-9-63 prior to the entry of judgment.

For all the preceding reasons, the Court finds Cleland's suggestion that there was clear error in the dismissal of his wrongful discharge claim under *McArn* to be without merit.

3. **Whether the Court Clearly Erred in Refusing to Declare a**

### Public Policy Exception to Mississippi's Employment-at-Will Doctrine Based on an Employer's Interference with an Employee's Political Rights

The Court previously held that its task is to apply Mississippi law, not to make it, and declined "Cleland's request for it to act effectively as the Mississippi Legislature or Mississippi Supreme Court and establish a new public policy exception to Mississippi's longstanding employment-at-will doctrine based on interference with political rights." (Mem. Op. & Order [23] at p. 14.) Cleland's Motion for Reconsideration [25] acknowledges that the Court cannot make Mississippi law. Nonetheless, Cleland requests that the Court find that Mississippi would recognize such a public policy exception "based upon the *Erie*-bound guess doctrine." (Pl.'s Mot. for Recon. [25] at pp. 8-9.)

Cleland finds the following statement from the Fifth Circuit pertinent with respect to his *Erie* guess argument: "We are emphatically not permitted to do merely what *we* think best; we must do that which we think the Mississippi Supreme Court would deem best." *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir. 1986) (citation omitted), *abrogated in part by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). That statement is instructive, but so are the following statements explaining a federal court's limited role in predicting state law:

> In matters of [Mississippi] substantive law, our relationship to the [Mississippi] Supreme Court is all but identical to that of a [lower Mississippi] court. Indeed, if it differs at all as regards substantive innovation, it is weaker instead of stronger than that of such a court. Even in the rare case where a course of [Mississippi] decisions permits us to extrapolate or predict with assurance where that law would be had it been decided, we should perhaps-being out of the mainstream of [Mississippi] jurisprudential developments-be more chary of doing so than should an inferior state tribunal.

*Id.*; *see also Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) ("'In making an *Erie*-guess in the absence of explicit guidance from the state courts, we must attempt to predict state law, not to create or modify it.'") (quoting *Coe v. Chesapeake Exploration, L.L.C.*, 695 F.3d 311, 316 (5th Cir. 2012)).

The Court's refusal to declare a public policy exception to Mississippi's longstanding employment-at-will doctrine based on interference with political rights is sound regardless of whether Cleland's request for the declaration is framed under the guise of an *Erie* guess or limited to his original arguments in opposition to dismissal. The authorities cited in the Court's Memorandum Opinion and Order [23] evince the unwillingness of state and federal courts to broaden the public policy exception announced by the Mississippi Supreme Court in *McArn* beyond its "narrow"[6] scope. *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 404 (5th Cir. 2005); *Medina v. Mims Oil Co.*, No. Civ.A. 4:04cv236, 2005 WL 1629800, at *1 (N.D. Miss. July 11, 2005); *Cook v. Wallot*, No. 2011-CA-01056-COA, 2013 WL 1883533, at *6 (¶¶ 29-30) (Miss. Ct. App. May 7, 2013). The following opinions further undermine Cleland's request for an exception to the rule of employment-at-will heretofore unrecognized by the Mississippi Supreme Court: *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (¶ 21) (Miss. 2008) ("We find nothing in *McArn* or its progeny which would extend the narrowly carved-out exceptions to our employment-at-will doctrine to create individual liability for the tort of retaliatory discharge if the individual defendant/co-employee's participation in the discharge was deemed to be in the course and scope of the individual defendant's

---

[6] *McArn*, 626 So. 2d at 607.

employment."); *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1047 (¶ 13) (Miss. 2007) (holding that alleged criminal activity having nothing to do with an employer's business failed "to fit into the very narrow exceptions to the employment-at-will doctrine"); *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1108-09 (¶¶ 39-40) (Miss. 2003) (rejecting HeartSouth's implied contract theory of recovery since it conflicted with the Court's prior holdings regarding employment at will).

Accordingly, Cleland's final basis for reconsideration of the Court's Memorandum Opinion and Order [23] is overruled.

### III.  CONCLUSION

Cleland has failed to show that he is entitled to the "extraordinary remedy" of reconsideration of the Court's judgment.  *Templet*, 367 F.3d at 479.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [25] is denied.

SO ORDERED AND ADJUDGED this the 24th day of October, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE